Filed 8/7/24  P. v. York CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EARSELL YORK,<br><br>Defendant and Appellant. | B331731<br><br>(Los Angeles County<br>Super. Ct. No. BA109089) |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert C. Vanderet, Judge.  Reversed and remanded with directions.

Richard Lennon and Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

Earsell York appeals the summary denial of a petition for resentencing under Penal Code[1] section 1172.6. (Former § 1170.95, Stats. 2022, ch. 58, § 10.)

Appellant was convicted by jury on September 11, 1996, of first degree murder (§ 187, subd. (a); count 1) and robbery (§ 211; count 2). The jury found true the special circumstance that the murder was committed during the commission of a robbery (§ 190.2, subd. (a)(17)), but found not true the allegation that appellant personally used a firearm during the commission of the murder and the robbery (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)). The trial court sentenced appellant to life in prison without the possibility of parole.

Appellant filed a petition for resentencing and request for appointment of counsel under section 1172.6 on March 27, 2023. On June 1, 2023, the superior court issued a ruling summarily denying the petition. The court did not appoint counsel, request briefing from the parties, or hold a hearing to determine if appellant had made a prima facie case for relief. In its ruling, the court stated:

"[T]he petition for resentencing [is] **Denied**, for the reasons cited in the opinion of the Court of Appeal denying petitioner's appeal from his conviction. As the court stated, 'The jury's rejection of the firearm use allegation does not mean that it must have been someone other than appellant who fired the fatal bullet.' Furthermore, the evidence as to 'appellant's exiting the car with a powerful handgun in his possession for the purposes of robbing the victim, and then engaging in a struggle with the victim while that handgun remained in his possession . . .

---

[1] Undesignated statutory references are to the Penal Code.

2

constitutes a conscious disregard for danger to human life.' These findings satisfy the amended requirements for liability for murder under the revised felony-murder rules." (Ellipsis and bold in original.)

Appellant contends that because he made a prima facie showing that he is entitled to relief under the statute, the superior court was obligated to issue an order to show cause pursuant to section 1172.6, subdivision (c), and conduct an evidentiary hearing in accordance with subdivision (d). Instead, the superior court improperly engaged in factfinding based on this court's prior opinion in the direct appeal to determine that appellant is ineligible for resentencing as a matter of law. Respondent concedes the point. We accept the parties' agreement: The superior court erred in failing to appoint counsel and in engaging in factfinding to conclude that appellant is ineligible for relief as a matter of law. These errors were not harmless, and the matter must be remanded for the superior court to appoint counsel, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

## DISCUSSION

**The Superior Court Failed to Appoint Counsel and Summarily Denied Appellant's Section 1170.95 Petition in Error**

A. *Applicable legal principles*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), effectively abolishing the natural and probable consequences doctrine in cases of murder and limiting the application of the felony-murder doctrine. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830,

3

842–843 (*Gentile*); *People v. Martinez* (2019) 31 Cal.App.5th 719, 723 (*Martinez*).) With one narrow exception (see § 189, subd. (f)), Senate Bill No. 1437 effectively eliminates murder convictions premised on any theory of vicarious liability—that is, any theory by which a person can be convicted of murder for a killing committed by someone else, such as felony murder or the natural and probable consequences doctrine—unless the People also prove that the nonkiller defendant personally acted with the intent to kill or was a major participant who acted with reckless disregard to human life. (§ 189, subd. (e) [requiring that participant in specified felony during which a death occurs may be convicted of murder only if he or she was the actual killer, an aider and abettor who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life]; § 188, subd. (a)(3) [amending the natural and probable consequences doctrine to require that all principals act with express or implied malice to be convicted of murder (with the exception of felony murder under § 189, subd. (e))]; *Gentile, supra,* 10 Cal.5th at pp. 842–843.)

The legislation also enacted former section 1170.95 (now § 1172.6), which established a procedure for vacating murder convictions for defendants who could no longer be convicted of murder because of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4; *People v. Lewis* (2021) 11 Cal.5th 952, 957, 959, 971 (*Lewis*)); *Gentile, supra,* 10 Cal.5th at p. 843; *Martinez, supra,* 31 Cal.App.5th at pp. 722–723.) A defendant convicted of murder, attempted murder, or manslaughter may file a petition under section 1172.6 to have his or her conviction vacated and be resentenced, if he or she "could not presently be convicted of murder or attempted murder because of changes to

4

Section 188 or 189 made effective" as a part of Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).)

Pursuant to section 1172.6, a properly pleaded petition must contain the following averments:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . [;] [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial . . . [;] [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)–(3); § 1172.6, subd. (b)(1)(A); *Lewis*, *supra*, 11 Cal.5th at pp. 959–960; see also § 1172.6, subd. (b)(1)(B) [requiring the superior court case number and year of petitioner's conviction] & (C) [petition must state whether petitioner requests appointment of counsel].)

When a petition for resentencing meets the basic requirements set forth in section 1172.6, subdivisions (a) and (b)(1), the superior court must appoint counsel for petitioner if requested (§ 1172.6, subd. (b)(3); *Lewis*, *supra*, 11 Cal.5th at pp. 962–963, 970), obtain briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief (§ 1172.6, subd. (c); *Lewis*, *supra*, 11 Cal.5th at p. 966; *People v. Reyes* (2023) 97 Cal.App.5th 292, 297–298). "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c); *Lewis*, *supra*, 11 Cal.5th at p. 960; *People v.*

5

*Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 931 [when "a petition satisf[ies] the basic pleading requirements, the court must appoint counsel, permit briefing, and conduct an initial hearing under subdivision (c) to determine whether the petitioner has made a prima facie case for relief, and if so, issue an order to show cause"].)

We independently review the superior court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Berry-Vierwinden*, *supra*, 97 Cal.App.5th at p. 930.)

B. *The record in this case does not demonstrate as a matter of law that appellant is ineligible for relief*

Appellant contends and respondent agrees that the superior erred by failing to appoint counsel after appellant filed a facially sufficient petition under section 1172.6. The error cannot be deemed harmless. (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 572 (*Mejorado*).)

Appellant's petition was facially sufficient: It alleged that he was charged and convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine, and he could not presently be convicted of murder due to the changes to sections 188 and 189, made effective January 1, 2019. The petition included the superior court case number and the year of appellant's conviction, and specifically requested appointment of counsel. (§ 1172.6, subd. (b)(1); *Lewis, supra,* 11 Cal.5th at pp. 959–960.) The superior court erred in failing to appoint counsel for appellant upon the filing of this facially sufficient petition. (*Lewis*, at pp. 957, 963 ["petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition"].)

6

The superior court's failure to appoint counsel at the prima facie stage of the section 1172.6 petition may be deemed harmless (*Lewis, supra,* 11 Cal.5th at p. 973), but only where the record of conviction conclusively establishes ineligibility for relief as a matter of law (*Mejorado, supra,* 73 Cal.App.5th at p. 572 [error in failing to appoint counsel harmless only where record contains facts refuting allegations in petition]).  Our Supreme Court has stressed that the superior court should consider the petitioner's record of conviction, but "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, at p. 972.)

The record of conviction includes jury verdicts, jury instructions, and closing arguments.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 54–56 [considering jury instructions and verdicts to determine whether defendant made prima facie showing of eligibility]; *People v. Ervin* (2021) 72 Cal.App.5th 90, 106 [considering sentencing enhancements, jury instructions, closing arguments, and verdicts at prima facie stage].)  It does not, however, include the factual statement from a prior appellate opinion.  Although a prior appellate opinion is generally considered to be part of the record of conviction, "the factual summary in an appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*); § 1172.6, subd. (d)(3).)  "By logical extension, the factual summary also may not be used to determine a petitioner's eligibility at the prima facie stage." (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183; see *Flores*, at p. 988 ["If [the factual summary in an appellate opinion] may not be considered at an evidentiary hearing to determine a

petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"].)

In denying appellant's petition at the prima facie stage "for the reasons cited in the opinion of the Court of Appeal denying petitioner's appeal [from] his conviction," the superior court improperly relied on the prior appellate opinion to engage in prohibited factfinding.  (See *Flores, supra,* 76 Cal.App.5th at p. 988; *Lewis, supra,* 11 Cal.5th at pp. 971–972.)  The court recited the appellate court's statement that " '[t]he jury's rejection of the firearm use allegation does not mean that it must have been someone other than appellant who fired the fatal bullet,' " and then improperly engaged in factfinding to find "the evidence as to 'appellant's exiting the car with a powerful handgun in his possession for the purposes of robbing the victim, and then engaging in a struggle with the victim while that handgun remained in his possession' " demonstrated " 'a conscious disregard for danger to human life.' "  The superior court concluded that these facts from the prior opinion "satisfy the amended requirements for liability for murder under the revised felony-murder rules."

Moreover, the record of conviction in this case discloses that the trial court instructed the jury on the natural and probable consequences doctrine as it applies to murder (CALJIC No. 3.02, 1992 rev.), first degree felony murder (CALJIC No. 8.21), aider and abettor liability for first degree felony murder (CALJIC No. 8.27), and the robbery-murder special circumstance as applied to a defendant who was not the actual killer (CALJIC No. 8.80.1, 1996 rev.)  Although the jury convicted

appellant of first degree murder and found the robbery-murder special circumstance true, it rejected the allegation that appellant personally used a firearm during the commission of the murder.

In light of these instructions, the jury's verdict and findings do not establish appellant is ineligible for relief under section 1172.6 as a matter of law. The record does not conclusively show the jury found appellant was the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the robbery who acted with reckless indifference to human life. (§ 189, subd. (e).) Further, because the jury's true finding on the robbery-murder special circumstance predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, that finding does not prevent appellant from making a prima facie case for relief under section 1172.6, "even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

The superior court's errors in failing to appoint counsel and summarily denying the petition therefore cannot be deemed harmless. Because the record of appellant's conviction does not eliminate the possibility that the jury found appellant guilty of first degree murder under a felony murder or natural and probable consequences theory, it does not establish ineligibility for relief under section 1172.6 as a matter of law. Accordingly, we reverse and remand the matter to the superior court to issue an order to show cause and conduct further proceedings in accordance with section 1172.6, subdivision (d). We express no opinion on the merits of the petition.

9

## DISPOSITION

The superior court's order denying the petition for resentencing under Penal Code section 1172.6 is reversed. The matter is remanded to the superior court for the issuance of an order to show cause and further proceedings in accordance with Penal Code section 1172.6, subdivision (d)(3).

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.

10